548 So.2d 954 (1989)
Patrick BROWN, Plaintiff-Appellee,
v.
COMMERCIAL UNION INS. CO., et al., Defendants-Appellants.
No. 88-606.
Court of Appeal of Louisiana, Third Circuit.
September 1, 1989.
Thomas Djean, Opelousas, for plaintiff-appellee.
Guglielmo, Lopez, Doug Hunter, Opelousas, for defendants-appellants.
Before DOUCET, KNOLL, and KING, JJ.
DOUCET, Judge.
This is a suit for worker's compensation. Plaintiff, Patrick Brown, filed suit against *955 his former employer, Acadian Ambulance Service, Inc., and its worker's compensation carrier, Commercial Union Insurance Company (Commercial). In addition to worker's compensation benefits, plaintiff sought penalties and attorney's fees. The trial court found that plaintiff was disabled and awarded him temporary, total disability. The trial court denied plaintiff's claim for penalties and attorney's fees. Defendants appealed, asserting that the trial court erred when it found that plaintiff was temporarily, totally disabled.

FACTS
Plaintiff, Patrick Brown, was employed by Acadian Ambulance Service, Inc. as a medic. On October 26, 1986, plaintiff injured his back while lifting a patient on to a stretcher. Plaintiff returned to work on November 12, 1986, and reinjured his back on November 17, 1986, while carrying a patient on a stretcher down a flight of stairs. Plaintiff has not returned to work since that date and has earned no wages.
Commercial paid temporary, total compensation benefits to plaintiff until August 10, 1987. Commercial terminated benefits at this time based on the medical opinions of Dr. Thomas Butaud and Dr. James Domingue, who, after examining and treating plaintiff, determined that he was able to return to work.

WAS PLAINTIFF TEMPORARILY, TOTALLY DISABLED?
La.R.S. 23:1221 in pertinent part provides:
"§ 1221. Temporary total disability; permanent total disability; supplemental earnings benefits; permanent partial disability; schedule of payments
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total.
(a) For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability."
Thus, in order for an employee to receive benefits under La.R.S. 23:1221(1), he must prove that he is temporarily, totally disabled from engaging in any self-employment or gainful occupation for wages. Since no burden of proof is specified, by implication, the applicable burden of proof is by a preponderance of the evidence, the customary burden of proof in a civil case.
The record contains the testimony of several physicians. While each of the physicians had differing opinions as to the cause and extent of plaintiff's injuries, all of the medical experts, including those testifying on behalf of plaintiff, indicated that plaintiff would be able to engage in some form of employment. The trial judge, in his oral reasons assigned, acknowledged this fact and concluded that plaintiff was physically able to return to some form of work. The trial judge, nevertheless, awarded temporary, total disability benefits. We find that this was clear error since the record establishes that plaintiff could return to some form of employment. Thus, plaintiff clearly failed to carry his burden to prove by a preponderance of the evidence that he was temporarily, totally disabled as defined by La.R.S. 23:1221.

IS PLAINTIFF ENTITLED TO SUPPLEMENTAL EARNINGS BENEFITS?
Although plaintiff is not entitled to temporary, total benefits, we find that he is entitled to Supplemental Earnings Benefits. In order to be entitled to these benefits, an injured employee must be unable to earn 90% or more of the wages he received at the time of the injury. La.R.S. 23:1221(3). The applicable burden of proof, like for temporary, total disability, is by a preponderance of the evidence. In determining if an injured employee has made *956 out a prima facie case of entitlement to Supplemental Earnings Benefits, the court may and should take into account all those factors which might bear on an employee's ability to earn a wage. Gaspard v. St. Paul Fire and Marine Ins. Co., 483 So.2d 1037 (La.App. 3rd Cir.1985). In the present case, one such factor is the substantial pain which plaintiff will suffer while working.
Plaintiff testified that before the accident, he had never experienced any problems with his back and that after the accident he started experiencing severe pain which continues to date. Plaintiff suffers from a sharp pain in his lower back which radiates down into his left leg. Plaintiff testified that since the date of the accident, the pain has not subsided, but instead, has gotten worse. Plaintiff's pain is at its worst when he does a lot of moving, walking or standing. Plaintiff has been unable to do any small, menial tasks around his home. In fact, plaintiff states that at times the pain is so severe, that he is unable to do the simple task of putting on his own socks.
Plaintiff's complaints are consistent with the medical testimony of three physicians, Dr. John Cobb, Dr. James Lafleur, and Dr. Tom Butaud. Dr. Cobb, an orthopedic surgeon, testified by deposition that he first examined plaintiff in July of 1987. At this time, plaintiff was complaining of pain in his back and left leg. Upon examination, Dr. Cobb noticed spasm and muscle tightness which was consistent with the area of which he was complaining. His diagnosis was post traumatic lumbar strain syndrome with referred pain. Dr. Cobb restricted plaintiff from performing any activities that involved lifting until his condition improved. Dr. Cobb again saw plaintiff in January of 1988 at which time he administered steroid injections to plaintiff. The injections were unsuccessful. Dr. Cobb recommended a discogram but to this date the discogram has not been performed.
Dr. James Lafleur, an orthopedic surgeon, testified by deposition that he examined plaintiff in December of 1987. Dr.
Lafleur opined that plaintiff was suffering from a lumbar myofascial strain and that plaintiff would be physically unable to return to his previous type of work since it involved heavy lifting. Dr. Lafleur recommended continued treatment in the form of antiinflammatory drugs, a lumbar corset, neuroprobe and use of a TENS unit.
Finally, Dr. Tom Butaud, an orthopedic surgeon, testified by deposition that he examined plaintiff following his initial injury of October 28, 1986. At this time, Dr. Butaud diagnosed the problem as a lumbar sacral strain. Dr. Butaud treated plaintiff during the entirety of the complaints associated with the first injury or through November 12, 1986. In relation to the second injury, Dr. Butaud was also the treating physician. Dr. Butaud examined plaintiff after his second injury on December 9, 1986. Dr. Butaud's impression at this time was that he had reinjured the lumbar sacral strain that had occurred in October of 1986. Dr. Butaud recommended physical therapy to plaintiff. Dr. Butaud continued to treat plaintiff and plaintiff continued to complain of pain in his lower back and legs. Dr. Butaud was of the opinion that plaintiff should undergo a complete "work-up." Plaintiff was admitted to the hospital for a myelogram, bone scan, nerve tests, and neurological evaluation. The myelogram revealed spinal stenosis. Dr. Butaud testified that he had no reason to disbelieve plaintiff's complaints of pain and added that plaintiff had been consistent with his complaints since the initial back injury. While Dr. Butaud could find no objective pathology, he stated that based upon plaintiff's subjective complaints of back pain and discomfort, he would not recommend plaintiff returning to his previous employment as a medic.
We feel that plaintiff's testimony regarding his chronic pain, corroborated by medical testimony, is sufficient to make out a prima facie case for entitlement to Supplemental Earnings Benefits. Specific limitations, however, are imposed on the award of Supplemental Earnings Benefits by La.
*957 R.S. 23:1221(3)(c)(i).[1] This paragraph provides that the amount which is determined to be the wages an employee is capable of earning must be at least equal to any amount he would have earned in any employment or self employment which he is physically able to perform and which was offered to him or which is proven available to him in his or the employer's community or reasonable geographic area. The employer bears the burden of proving the applicability of this limitation.
The trial court found that plaintiff had not been tendered any employment by Acadian Ambulance nor did they prove available any job plaintiff was able to do in his community or reasonable geographic area. We conclude that the record supports such a finding.
Pursuant to La.R.S. 23:1221(3)(a), plaintiff is, therefore, entitled to Supplemental Earnings Benefits equal to Sixty-six and two-thirds (66 2/3%) percent of the difference between the average monthly wage at the time of the injury ($1,970.17) and the average monthly wages the employee is able to earn. As discussed above, plaintiff had not been tendered any employment by Acadian Ambulance nor did they prove available any job plaintiff was able to do in his community or reasonable geographic area. We therefore conclude that the amount of wages he was able to earn was zero. La. R.S. 23:1221(3)(a). Sixty-six and two-thirds percent of $1,970.17 is $1,313.51. Converted to the weekly benefits that plaintiff is entitled to is $305.46. However, this exceeds the maximum rate allowable at the time plaintiff was injured. Thus, we find that plaintiff is entitled to Supplemental Earnings Benefits at the maximum rate of $261.00 per week. This amount is to be paid from August 10, 1987 (the date benefits were terminated) until it is shown that a job is available to plaintiff which he is capable of performing. Such payments, however, may not exceed a maximum of Five Hundred Twenty (520) weeks. See La.R.S. 23:1221(3)(d).
Accordingly, for the reasons assigned, the judgment of the trial court is amended and as amended, affirmed. Costs of this appeal are assessed one-half (½) to appellants, and one-half (½) to appellee.
AFFIRMED AS AMENDED.
NOTES
[1] (c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.